**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GIDEON NKRUMAH,       )
           Plaintiff,     )
                      )
     v.               )
                      )     Civil Action No. 2:19-cv-1180
UNIVERSITY OF PITTSBURGH – )
OF THE COMMONWEALTH   )
SYSTEM OF HIGHER       )
EDUCATION           )
         Defendant.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

AND NOW COMES, Plaintiff by and through his undersigned counsel, Kukoyi Law Firm, LLC and Lanre Kukoyi, Esquire, respectfully files this Emergency Motion for a Temporary Restraining Order and Injunctive Relief, and states as follows:

### A. INTRODUCTION

Plaintiff commenced the instant action on September 16, 2019. His Complaint asserted causes of action for violation of Title IX, violation of Constitutional Due Process and a breach of contract relating to the actions of Defendant in response to a false allegation by a fellow student of sexual misconduct against Plaintiff while he was a student at Defendant University's medical school. After this false allegation, Plaintiff was subjected to a biased investigation and restraints on his due process rights. Defendant failed to comply with the Department of Education's guidelines for Title IX investigations and the Plaintiff was not afforded his constitutional due process rights.

On November 19, 2019, Plaintiff filed a Motion to Amend his Complaint, which was granted on November 20, 2019. The Amended Complaint was filed on November 21, 2019. Defendant filed its Answer to the Amended Complaint on December 18, 2019.

Plaintiff filed this action to clear his name. During the pendency of this matter, he finished serving the one-year suspension imposed upon him by Defendant and was permitted to begin his final year this current academic term.

On September 17, 2020, Plaintiff spoke with Dean Harvey and was told that the Medical School would have to include an explanation in his Medical School Performance Evaluation ("MSPE") why there was a gap in his training. Therefore, she said that they would have to state that he was suspended because of Title IX violations, to wit, sexual assault of a fellow student. The MSPE is part of what is sent to residency programs that Plaintiff might be interested in and the impact of including information about the Title IX violation in it is that it will, for all intents and purposes, ruin Plaintiff's career, even if this case turns out in his favor.

On August 9, 2019, the medical school provided Plaintiff with a letter that stated he was on a "leave of absence from 4/29/2019" and is expected to return from the leave in April 2020 (Exhibit 1). Similar language would be acceptable in the MSPE rather than stating that Plaintiff was suspended because he was found guilty of violating Title IX.

**I.**   **Argument and Application of Law**

Federal Rules of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if specific facts in an affidavit show an immediate and irreparable injury, and the movant's attorney certifies in writing efforts that were made to give notice and why notice should not be required.

In this Circuit, the moving party for a temporary injunctive relief  must demonstrate as a prerequisite: (1) a likelihood of success on the merits; (2) he would suffer irreparable

harm if the injunction is denied. <u>Reilly v. City of Harrisburg</u>, 858 F.3d 173, 179 (3d Cir. 2017). After the movant successfully demonstrates these "gateway factors", then the Court considers whether granting the injunction would result in greater harm to the non-moving party and the public interest, then the Court has to decide if the equitable relief is proper on the balance of all four factors. <u>Id</u>.

    1)  <u>Substantial likelihood of success</u>

In his Amended Complaint, Plaintiff alleged that Defendant conducted its investigation into the allegation against him in a biased manner because of his gender, and if this is proven at trial, it would mean that Defendant violated Title IX.

As stated in Plaintiff's Amended Complaint, Defendant was aware of new guidance from the Office of Civil Rights, in the form of the 2017 Dear Colleague letter that stated that the existing policies guiding investigatory processes such as its own lacked basic elements of fairness and due process thus providing the accused student with limited procedural protections. Despite this, Defendant chose to conduct it investigation into the allegations against him using the flawed procedure, and it has been found that the previous governmental guidance placed undue pressures on universities. <u>Doe v. University of the Sciences</u>, 961 F.3d 203, 209-210 (3d Cir. 2020).

Additionally, Plaintiff also alleged that Defendant breached its contract with him by failing to conduct its investigation in accordance to its Student Code of Conduct. In this Circuit, it is viewed a cognizable claim for a breach of contract when the University fails to adhere to its Student Handbook when it conducts its investigation. <u>University of the Sciences</u> at 211-215.

Therefore, taken together with the bias against Plaintiff, it cannot be said with a high

degree of certainty that Plaintiff violated Defendant's disciplinary policies, such that Defendant should inform Plaintiff's prospective residency programs that he was disciplined for violating its sexual conduct policy.

    2)  <u>Irreparable harm if temporary injunctive relief is not granted</u>

Plaintiff will suffer irreparable harm if the MSPE contains any information suggesting that he was adjudged to have sexual assaulted another student while in medical school. No self-respecting resident program would want to select him for its program. Such negative information will essentially destroy his career before it even starts.

    3)  <u>Remaining factors</u>

Defendant will not suffer any harm if Plaintiff request for injunctive relief is granted as it does not have a pecuniary interest in the matter. Furthermore, Defendant does not have any mandatory obligation regarding how it reports gaps in the student's training or the of anything to do with the student's professionalism. Exhibits 2 is the guiding documents from the Association of American Medical Colleges ("AAMC") on the MSPE, while Exhibit 3 is a document from the Group on Student Affairs ("GSA") of AAMC providing MSPE guidance in the COVID-19 era.

The GSA document is not intended to supplant the AAMC document but rather provide additional clarification given the unusual times we the world is dealing with currently. Both of these documents specify that any reporting should be done according to the reporting University's own policies. (page 3 of the AAMC document and page 1 of the GSA document).

It is undisputed that the public has a clear interest in knowing of convicted adult sexual offenders in its midst. However, Plaintiff has never been convicted as a sexual of-

fender and the Defendant, as being a University, is not in a position to issue what would be tantamount to a proclamation indicating that Plaintiff was criminally culpable for sexual assault.

In fact, it is in the public interest that students are afforded due process and other procedural processes when they face life-altering accusations such as these.  allegations of sexual assaults.

### B.  CERTIFICATE OF COUNSEL

In accordance to Fed. R. Civ. P. 65(b)(1)(B), undersigned counsel avers that he conferred with Defendant's counsel regarding resolving the issue surrounding the MSPE, but he was informed on October 7, 2020 that Defendant intends to include the information regarding the discipline for sexual assault because it is their standard practice to do so. Plaintiff is filing this emergency motion because he has to submit his residency application by October 12, 2020 and this would trigger the MSPE. Once the information goes out, Plaintiff career may as well be over.

Also find attached as Exhibit 4, a statement from Plaintiff that clearly shows the immediate and irreparable harm he would suffer.

### C.  CONCLUSION

Therefore, Plaintiff is humbly requesting that the court issue an immediate Order restraining Defendant's medical school from including such detrimental information in any MSPE, and upon a hearing, issue a preliminary injunction to that effect. Plaintiff also respectfully requests that he not be required to post bond or security because Defendant will not suffer any pecuniary loss or damages if wrongfully enjoined.

Date: October 8, 2020     Respectfully submitted,

           /s/ Olanrewaju Kukoyi
           Lanre Kukoyi, Esq.
           PA I.D. # 315955
           Kukoyi Law Firm, LLC
           510 Washington Ave,
           Carnegie, PA 15106
           Voice (412) 200-2440
           Facsimile (412) 502-5105
           kukoyi@kukoyilaw.com